UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADAM BRICK,

    Petitioner,

v.

MARGARET GILBERT,

    Respondent.

NO. C16-1336-RSM-JPD

REPORT AND RECOMMENDATION

### INTRODUCTION

Petitioner, a state prisoner proceeding through counsel, brings this 28 U.S.C. § 2254 habeas corpus action to challenge a 2009 King County Superior Court conviction and sentence for three counts of first degree rape of a child. Respondent filed an answer and submitted relevant portions of the state court record. Respondent raises several arguments, including that this action is barred by the statute of limitations. Petitioner did not file a response and thus he does not dispute respondent's claim that the limitations period expired before the filing of this action. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that petitioner's habeas petition be DENIED as time barred, this action be DISMISSED with prejudice, and a certificate of appealability be DENIED.

REPORT AND RECOMMENDATION - 1

DISCUSSION

The one-year limitations period in § 2254 habeas actions starts to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). The limitations period is statutorily tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005).

In this case, direct review concluded on June 5, 2013, when the Washington Supreme Court denied petitioner's petition for review. Dkt. 18, Ex. 6. *See White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002) ("[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review."); *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (applying Washington law and rejecting argument that the mandate signals the conclusion of direct review); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (reaffirming the holdings of *White* and *Wixom*). Petitioner had 90 days, or until September 3, 2013, to file a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); U.S. Supreme Court Rules 13.1 & 13.3. Because petitioner did not file a petition for writ of certiorari, the one-year statute of limitations began to run the following day, September 4, 2013. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

On June 26, 2014—295 days later—petitioner filed a personal restraint petition ("PRP") in the Washington Court of Appeals. Dkt. 18, Ex. 8. The statue of limitations was tolled while the PRP was pending but started to run again on May 11, 2016, when the

---

[1] Section 2244(d)(1) sets forth other events that can trigger the statute of limitations, but none of them apply here.

REPORT AND RECOMMENDATION - 2

Commissioner of the Washington Supreme Court denied petitioner's motion for discretionary review in the PRP proceedings.[2] *Id.*, Ex. 16. Petitioner did not file his federal habeas petition until August 24, 2016, 105 days later. Dkt. 1. The statute of limitations period ran for a total of 400 days. Therefore, as respondent argues, the petition is untimely.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted). In other words, equitable tolling may be appropriate when external forces, rather than a petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner makes no showing that he is entitled to equitable tolling of the federal statute of limitations.

There is also an equitable exception to the statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). This exception, otherwise known as the miscarriage of justice exception, presents a "demanding" standard, *id.* at 1936, that is not satisfied unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

---

[2] Although petitioner sought and was granted two extensions of time to file a motion to modify the Commissioner's ruling, he never filed such a motion. Dkts. 17-21.

REPORT AND RECOMMENDATION - 3

reasonable doubt," *id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner makes no credible showing of newly discovered evidence that satisfies the *Schlup* standard.

In sum, petitioner's federal habeas petition should be denied as time barred.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in this action.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED as time barred and this action be DISMISSED with prejudice. The Court further recommends that a certificate of appealability be DENIED with respect to all claims asserted in this action. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **May 9, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If

no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 12, 2017.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 18th day of April, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge